## CARMELITE, a Negress, Slave; *v.* JEAN LACAZE.

A condition in the act of sale of a slave, that the purchaser shall emancipate him after a
specified time, is valid, and enures to the benefit of the slave; the right of property is
transferred to the purchaser, subject to the slaves *status*.  If, however, the right of eman-
cipation should be defeated or terminate, from any cause independent of the acts of the
purchaser, the slave remains his property.

APPEAL from the Second District Court of New Orleans, *Lea,* J.   *Tissot,*
for plaintiff.   *Dufour,* for *Lacaze.*   C. *Maurian,* for intervenor.   By the
court:

EUSTIS, C. J.   This suit was commenced for the purpose of effecting the
emancipation of the plaintiff, on the ground of her having been purchased by
defendant, on the condition of emancipating her at the expiration of the term
of seven years from the date of the sale.

On this issue between the plaintiff and defendant, judgment was rendered
dismissing the plaintiff's petition on the evidence exhibited.   From this judg-
ment no appeal has been taken.

On this suit was engrafted another, the issues of which had little connection
with it, in which *Lacaze* is made defendant, and an intervening party is plaintiff.
Judgment was rendered on this intervention, against *Lacaze,* and he has taken
this appeal.

The accumulation of suits of this kind, tends to create confusion in practice,
and much embarrassment in the administration of justice.   It gives rise,
frequently, to questions which have no place in jurisprudence, and to the solu-
tion of which the ordinary rules of practice can scarcely be applied.

As, however, the parties have litigated their rights, in this form, and all the
evidence is before us, we consent to revise the judgment appealed from.

The intervening party, who is the appellee in this court, *Francoise E. Denbrere,*
a free woman of color, on the 7th of June, 1844, sold *Carmelite* to *Lacaze* for
$800.   *Lacaze* bound himself to emancipate her after seven years service from
the date of the sale, and to fulfill all the formalities requisite for her emancipa-
tion, and to bear the expense thereof.   This was a formal condition of the sale.
In the petition of intervention it is charged, that in selling *Carmelite* to the
defendant, under this condition of enfranchisement, the petitioner intended to

reward the faithful services she has received from the slave who had nursed one of her children ; that *Lacaze*, in his answer to the plaintiff's petition, had alleged, that he could not comply with the condition of emancipating her. in consequence of her having been guilty of such offences as prevented him from obtaining it under the laws, which allegation the petition alleges is true. It then prays that, inasmuch as *Lacaze* cannot emancipate the slave, she be restored to the petitioner, and that judgment be rendered against *Lacaze* for her wages. The district judge decreed the delivery of the slave to the intervening petitioner, and allowed her wages from the date of the decree, at $25 per month.

This judgment is sought to be maintained on the ground, that by selling the slave, on the condition that she should be emancipated after seven years service, at the expense of the purchaser, nothing was sold but the services of the slave for seven years; and the appellant having had her services for that term, he can have them no longer. Her emancipation having become impossible, she reverts, of right, to her former mistress.

It seems that the misconduct of the slave, which was the obstacle to emancipation, was the necessary result of the vile and profligate employment and associations to which *Lacaze* subjected her, and it is strongly pressed upon us. that we cannot permit a man to falsify his title by his own infamy.

It is matter of regret that we are not permitted to act upon this suggestion, and to visit upon the party the consequences of his iniquity. But the question before us is one exclusively of property, and must be determined according to the rules of law.

A slave may make a contract with his master for his emancipation, and when he attains the age prescribed by law, may have his right under it adjudicated upon, and his emancipation decreed on a compliance with the conditions and formalities prescribed by law. A condition in the sale of a slave, that he shall be emancipated at a future time, has always been held as a stipulation for his benefit, of which he is permitted to take advantage in the same manner as in ordinary cases of stipulations in contracts for the benefit of third persons. Slaves who, by virtue of a contract of their masters with themselves or third persons, have acquired the right of being free at a future time, or on a certain condition or event, attain thereby the *status* of *statu liberi*. We understand the contract of sale, between these parties, as creating this *status* in the slave, and transferring the right of property in her to the purchaser, subject to the condition of the *status*, and not as a sale of the services of the slave for the term of seven years. If her right of emancipation should be defeated or terminate, from any cause, independent of the acts of the purchaser, she remains absolutely his slave. If he has been guilty of any acts which violate the condition on which the sale was made to him, the remedy, of the party aggrieved, is only to be had on an action for the dissolution of the contract, or of damages for a breach of the contract.

We do not find the case of *Nimmo* v. *Bonney*, cited by the counsel for the intervening party, applicable to the present case.

Our statement of the remedy of the appellee is to be understood as hypothetical. Either of those mentioned is liable to grave objections, which have their foundation in the contract itself. The case before us does not require them to be noticed, and it is sufficient for us to confine ourselves to the opinion, that the present action cannot be sustained.

The judgment of the district court is therefore reversed ; and judgment rendred for defendant, with costs in both courts, without prejudice.

## SAME CASE—ON A RE-HEARING.

By the court:

EUSTIS, C. J.   It is ordered, adjudged and decreed, that the judgment here-
tofore rendered by this court, remain undisturbed.